## Snow v. Copley et al.

While the father and mother are both alive, the former cannot be natural tutor to the minor children; but, as their father, he is, during the marriage, administrator of their estate, and competent to institute judicial proceeding for its protection.  C. C. 267.

The validity of a donation made to a minor child by a third person, cannot be questioned by a creditor of the father of the minor, who has no interest in the property, but simply administers it for his child. The validity of the donation is a matter between the donors and those claiming under them, and the donees.

APPEAL, by the defendants, from a judgment of the District Court of Caldwell, *Barry*, J., perpetuating an injunction obtained by plaintiff. *Garrett*, for the plaintiff.  *Purvis*, for the appellants.  The judgment of the court was pronounced by

SLIDELL, J.  *Copley* having a judgment against *Snow*, caused to be seized on execution certain property, described in the seizure as "the entire improvement on which *Snow* resided," a house in the town of Columbia, and all the rights and credits in the hands of *J. B. Bres*.  *Snow* then obtained an injunction.  In his petition he appears in his own right, and as the natural tutor of his minor children, *Susan* and *James*.  He alleges that the property seized is not bound for the payment of his debts; that "the improvement" was not his property : that it was on land belonging partly to one *Meredith*, and partly to his minor child, *James ;* that the house in Columbia belonged to his minor child *Susan ;* that the debts due to him by *Bres* were for fees earned by him as parish judge, and as a clerk of court, and consequently were not subject to seizure.

The right of *Snow* to act for his minor children is disputed, upon the ground that the mother and father being both living, he could not be clothed with the capacity of natural tutor.  It is true that *Snow* is not natural tutor; but, as the father of the minors, he is, during the marriage, the administrator of their estate, and competent to institute a judicial proceeding for its protection.  C. C. 267.

The lot on which the house stands, and a portion of the lands in question, are claimed for these minors under donations from *King* and *Garrett*.  *Copley* contends that these donations are invalid; but, in our opinion, he cannot be permitted to question their validity.  That is a matter between the donors and those claiming under them, and the donees, and cannot be raised by a creditor of the father, who clearly has no ownership or interest in the property, and is simply its administrator for the children.

But, as regards the house erected on the lot, the ownership of the minor *Susan* is not established.  *King* made a donation to her of the lot, but the house was not erected by her.  Her father erected it ; it is not proved that she has paid for it, nor that it was paid for out of her funds ; and it cannot, for the benefit of his child, be protected from his creditors.  The same observations apply to "the improvements" made by the father on the other lands.

So far as those improvements are *Meredith's* property, or were made by the plaintiff upon *Meredith's* land, *Snow* was without right to enjoin.  If they belonged to him, they were liable to his creditors.  If they belonged to *Meredith*, it was not *Snow's* province to protect them, by a suit in his own name.  See

the case of *Mitchell* v. *Lay et al. ante* p. 593. It is proper to remark that it is not alleged, nor proved, that *Snow* was the lessee of *Meredith.*

There is no proof that the debts due by *Bres* were of such a nature as to be exempt from seizure.

It is, therefore, decreed that, the judgment of the court below be affirmed, so far only as it restrains the seizure and sale of the town lot conveyed by *Richard King* to *Margaret Susan S. Snow* and the lands conveyed by *Isaiah Garrett* to *James G. B. Snow,* more particularly described in the deeds, whereof copies are on record in this cause; and that, in other respects, the judgment of the court below be reversed, and the injunction dissolved; the defendants paying the costs in the court below, and the plaintiff the costs of this appeal.